Scott M. Seidel
Texas Bar No. 17999450
Seidel Law Firm
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
Telephone: (214) 234-2500
scott@scottseidel.com
COUNSEL FOR TRUSTEE

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In Re:** | § § | |
| **PETER HOA NGUYEN** | § | Case No. 25-33671-sgj-7 |
| **THI HONG NGUYEN** | § § | |
| | § | *Hearing Date: March 19, 2026* |
| **Debtor.** | § § | *Hearing Time: 9:30 am* |

**TRUSTEE'S MOTION TO SELL THE ESTATE'S INTEREST IN
SPARTAN AUTOMOTIVE TECHNOLOGY GROUP, F/K/A SPARTAN AUTOMOTIVE
TECHNOLOGY PROVIDERS, INC. SUBJECT TO ALL LIENS, CLAIMS
AND ENCUMBRANCES AND WITHOUT WARRANTY**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON MARCH 5, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE STACEY G.C. JERNIGAN, CHIEF U.S. BANKRUPTCY JUDGE:**

Scott M. Seidel, in his capacity as chapter 7 trustee (the "***Trustee***") for the estate of Peter

Hoa Nguyen and Thi Hong Nguyen (the "***Debtors***"), files this his *Motion to Sell the estate's*

*interest in estate scheduled interest in Spartan Automotive Technology Group, Inc. f/k/a/ Spartan Automotive Technology Provider Inc. subject to all liens, claims and encumbrances and without warranty* (the "***Motion***") and in support would respectfully show as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a matter concerning the administration of the Debtors' Estate (as defined herein), in particular the sale of property, and is therefore, a core matter pursuant to 28 U.S.C. § 157(b)(2).

3. A voluntary bankruptcy petition was filed by Debtors pursuant to Chapter 7 of Title 11 of the United States Bankruptcy Code on September 22, 2025, initiating this proceeding ("***Bankruptcy Case***") in the U.S. Bankruptcy Court, Northern District of Texas, Dallas Division.

4. Scott M. Seidel was subsequently appointed as the chapter 7 Trustee for the Debtors' bankruptcy estate (the "***Debtors' Estate***") and continues to serve in that capacity.

## RELIEF REQUESTED

5. A creditor in the case appeared and offered $20,000.00 for the Debtors' scheduled non-exempt stock in Spartan Automotive Technology Group Corporation held by Peter Hoa Nguyen (the ***"Property"***) described in the Debtors' schedules as follows:

*50% interest in Spartan Automotive Technology Group Corporation, formerly known as Spartan Automotive Technology Providers, Inc., a Florida corporation created 2/1/23. Debtor's predecessor, Spartan Automotive Technology Provider, Inc. was a Texas corporation created 4/19/19. The two entities merged 10/2/23 and provide auto lot management & vehicle tracking services. The business currently operates out of Jacksonville, Florida and the entity is a debtor-in-possession in Chapter 11 bankruptcy case number 25-02254-JAB pending in the U.S. Bankruptcy*

*Court for the Middle District of Florida, Jacksonville Division. Per the entity's bankruptcy filings: Assets: Approximately $605,261.91; Liabilities: Approximately $15,367,202.80.*

The Trustee has received an "as-is", "where is" full cash offer of $20,000.00 from VBI Group, LLC, a judgement creditor in the chapter 11 bankruptcy case number 25-02254-JAB (the "**Potential Purchaser**"), who has tendered a $10,000.00 non-refundable deposit and will pay the additional $10,000.00 upon Court approval.

6.  The Trustee wishes to immediately proceed with this sale and requests the Court's authority to sell the Property for $20,000.00 to the Potential Purchaser who represents to be an unrelated creditor of the Debtors in accordance that certain *Purchase and Assignment of Stock Interest in Non-exempt Stock in Spartan Automotive Technology Group Corporation*, a copy of which is attached hereto as **Exhibit A** (the "**Purchase and Assignment**").

7.  The Property will be sold "as is" "where is" without any representation or warranty, except as expressly provided in the Purchase and Assignment, and a sale of the Debtors' Estate's interests, subject to liens claims and encumbrances. Upon completion of the sale, the Trustee will make demand upon the Debtors to tender the original stock certificates for the Property to the Potential Purchaser.

8.  The Potential Purchaser represents to be a disinterested, third-party, non-insider of these Debtors.

9.  The Trustee reserves his right, in his sole discretion, to withdraw from the sale at any time.

10. Pursuant to Bankruptcy Code § 363(b), a trustee may sell property of the estate outside the ordinary course of business, subject to approval of the Bankruptcy Court, after notice

and hearing. *See* 11 U.S.C. § 363(b)(1). In the Fifth Circuit and elsewhere, it is well settled that a trustee's decision to sell assets of the estate outside the ordinary course of business must be based on the sound judgment of the trustee. *See In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986), *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

11. Courts typically consider the following four factors in determining whether a proposed sale satisfies this standard.

    a.    whether a sound business justification exists for the sale;
    b.    whether adequate and reasonable notice of the sale was given to interested parties;
    c.    whether the sale will produce a fair and reasonable price for the property; and
    d.    whether the parties have acted in good faith.

*See, e.g., In re Weatherly Frozen Food Group, Inc.*, 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992); *In re Delaware & Hudson Ry. Co.,* 124 B.R. 169, 176 (D. Del. 1991).

12. First, sound business reasons exist for the Trustee to sell the Property in the proposed manner.

13. Second, the Trustee is proceeding in good faith and has and will notify all interested parties of the hearing on this Motion and the opportunity to place a higher bid on the Property. The Trustee has examined the schedules and believes the price is reasonable and obviates the need for expense and delay.

14. At the hearing on this Motion, the Trustee anticipates that one of the conditions of Bankruptcy Code § 363(f) will be satisfied with respect to each person or entity that has an interest in the Property.

**REQUEST FOR GOOD FAITH PURCHASER PROTECTIONS**

15. The proposed sale of the Property is being conducted in good faith and through arm's-length negotiations. Accordingly, the Trustee believes that the Court should grant the Potential

Purchaser the protections afforded by § 363(m) of the Bankruptcy Code, and the Trustee requests such protections for the Potential Purchaser. *See* 11 U.S.C. § 363(m); *In re O'Dwyer*, 611 F. App'x 195, 200 (5th Cir. 2015) ("The misconduct that would destroy a purchaser's good faith status . . . involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of the other bidders.") (internal citations omitted). In support of this requested relief, the Trustee attaches hereto, as **Exhibit B**, the *Declaration of Mark Cooper in Support of the Motion*.

## REQUEST FOR WAIVER OF STAY

15. The Trustee respectfully requests that the Court waive the stay of the effectiveness of any Order entered by the Court granting this Motion. Bankruptcy Rule 6004(h) states:

[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise.

16. Given the timetable for sale, the Trustee respectfully submits that cause exists for the Court to waive the 14-day stay of Bankruptcy Rule 6004(h).

17. A copy of this Motion and the notice of hearing thereon will be served by mail and/or ECF notification or by e-mail on the attached creditor matrix.

## CONCLUSION

18. The Trustee requests that the Court authorize him to sell to the Potential Purchaser the Debtors' Estate's right, title and interest, if any, in the Property "as is", "where is" with no representation or warranty, except as expressly provided in the Purchase and Assignment, subject to all liens, claims and/or encumbrances and defenses. The Trustee requests that the Court waive the 14-day stay of Bankruptcy Rule 6004(h) so the sale may close immediately.

19. NO OTHER OFFERS HAVE BEEN RECEIVED.

20. The Trustee further requests authorization to make arrangements as necessary and sign any and all documents required to arrange for and close on the Property, including the Purchase and Assignment.

WHEREFORE, the Trustee respectfully requests that the Court authorize him to: (i) sell the Debtors' Estate's right, title and interest, if any, in the Property subject to all liens claims and encumbrances and without warranty, except as expressly provided in the Purchase and Assignment, to the Potential Purchaser for $20,000.00, or should it fail to close, *for at least* $20,000.00 to any other buyer of the Trustee's choosing or to any higher and better offer received by the Trustee; (ii) waive the fourteen day stay requirement according to Bankruptcy Rule 6004(h); (iii) authorize the Trustee to immediately execute any and all documents necessary to complete the transactions, including the Purchase and Assignment; (iv) find that the Trustee's commission and costs attach to any proceeds coming into the Debtors' Estate and be paid first pursuant to 11 U.S.C. § 506 upon further order of the Court; (v) authorize typical costs of sale be paid at closing as agreed between the parties, and that the proceeds be held until further order of the Court; and (vi) for such other and further relief to which the Trustee and the Debtors' Estate may show themselves justly entitled at law or in equity.

    Respectfully submitted,

    By: */s/ Scott M. Seidel*
        Scott M. Seidel, Esq.
        Texas Bar No. 17999450
        SEIDEL LAW FIRM
        6505 W. Park Blvd., Suite 306
        Plano, Texas 75093
        Telephone (214) 234-2500
        scott@scottseidel.com
        COUNSEL FOR TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on February 12, 2026, the Motion was served upon counsel for the debtor, the U.S. Trustee, and parties listed on the attached creditor matrix via prepaid first-class mail and/or ECF/PACER, email, or other electronic means.

*/s/ Scott M. Seidel*