**PURCHASE AND ASSIGNMENT OF
STOCK INTEREST IN NON-EXEMPT STOCK IN SPARTAN AUTOMOTIVE
TECHNOLOGY GROUP CORPORATION**

This PURCHASE AND ASSIGNMENT OF STOCK INTEREST IN NON-EXEMPT STOCK IN SPARTAN AUTOMOTIVE TECHNOLOGY GROUP CORPORATION (this "***Agreement***") is made and entered into to be effective as of the date the Bankruptcy Court enters the Sale Order (the "***Effective Date***"), by and among Scott M. Seidel, in his capacity as chapter 7 trustee (the "***Seller***") for the estate of Peter Hoa Nguyen and Thi Hong Nguyen (the "***Debtors***"), on the one hand, and VBI Group, LLC ("***Purchaser***"), on the other hand. From time to time, Seller and Purchaser may be referred to herein collectively as the "***Parties***" and individually as a "***Party***."

RECITALS:

WHEREAS, Seller is chapter 7 trustee for the bankruptcy estate of the Debtors, with such chapter 7 bankruptcy case pending in the United Stated Bankruptcy Court for the Northern District of Texas, Dallas Division (the "***Bankruptcy Court***"), under Case No. 25-33671.

WHEREAS, Seller apparently owns the following stock interests (the "***Interests***") in the following:

> 50% interest in Spartan Automotive Technology Group Corporation, formerly known as Spartan Automotive Technology Providers, Inc., a Florida corporation created 2/1/23. Debtor's predecessor, Spartan Automotive Technology Provider, Inc. was a Texas corporation created 4/19/19. The two entities merged 10/2/23 and provide auto lot management & vehicle tracking services. The business currently operates out of Jacksonville, Florida and the entity is a debtor-in-possession in Chapter 11 bankruptcy case number 25-02254-JAB pending in the U.S. Bankruptcy Court for the Middle District of Florida, Jacksonville Division. Per the entity's bankruptcy filings: Assets: Approximately $605,261.91; Liabilities: Approximately $15,367,202.80.

WHEREAS, Seller desires to transfer, sell, convey, and assign to Purchaser (in exchange for the consideration set forth herein) all of Seller's rights, title, and interest in and to the Interests as of the Effective Date, and Purchaser desires to purchase and acquire from Seller (for the consideration set forth herein) the Interests as of the Effective Date.

WHEREAS, Seller shall file a motion with the Bankruptcy Court seeking the entry of an order approving, among other things, the terms of this Agreement and the sale of the bankruptcy estate's  Interests to Purchaser.

NOW, THEREFORE, the Parties to this Agreement hereby agree as follows:

1.      <u>Purchase and Assignment of Interests</u>. Effective as of the Effective Date (a) Seller hereby transfers, sells, assigns, and conveys to Purchaser, in exchange for the Purchase Price (as defined below), all of Seller's rights, title, and interest in and to the Interests, subject to all security interests and similar liens and encumbrances and (b) Purchaser hereby purchases and accepts the Interests from Seller in exchange for the Purchase Price (as defined below).

2.      Purchase Price. The aggregate purchase price for the Interests shall be $20,000 (the "**Purchase Price**"). The Purchase Price shall be payable by Purchaser as follows: (i) First, Purchaser shall be credited by Seller for a $10,000.00 non-refundable deposit Purchaser previously made to Seller for the Interests; and (ii) Second, no later than five business days after entry the Sale Order, to an account specified by Seller, an amount equal to $10,000 via wire transfer of immediately available funds.

3.      Limited Representations and Warranties. The Parties hereby represent and warrant the following to each other as of the Effective Date.

    a.      *Capacity and Authority; Binding Agreement*. Seller has all requisite legal capacity, power and authority to execute and deliver this Agreement. This Agreement has been duly authorized and validly executed and delivered by Seller and constitutes the valid, legal, and binding obligation of Seller and is enforceable against Seller in accordance with its terms.

    b.      *Disclaimer of Warranties*. Other than the representations and warranties expressly contained herein, Seller is not making any further or other representations or warranties. Seller conveys the Interests to Purchaser without warranty of title, whether express, statutory, or implied.

    c.      *Condition and Fitness of the Interests.* Seller conveys the Interests to Purchaser without any express, statutory or implied, warranty or representation of any kind, including warranties relating to: (a) the condition or merchantability of the Interests; (b) the fitness of the Interests for a particular purpose; or (c) freedom from other defects, including the existence or nonexistence of any losses or claims. Purchaser accepts the Interests "as is", "where is".

    d.      *Information about the Interests*. The Parties each disclaim and release one another from all liability and responsibility for any representation, warranty, statements, or communications (orally or in writing) to the other Party (including any information contained in any opinion, information, or advice that may have been provided to any such Party by any employee, officer, director, agent, consultant, advisor, manager, trustee, attorney, representative, partner, member, beneficiary, stockholder, or contractor of such disclaiming party or its affiliates) wherever and however made, including those made during any negotiations with respect to this Agreement or any confidentiality or other agreement previously executed by the Parties with respect to the Interests. Neither Seller nor any other person or entity make any warranty or representation, express or implied, as to the accuracy, completeness, or materiality of any data, information, or records furnished to Purchaser in connection with the Interests. Any data, information, or other records furnished by or on behalf of Seller are provided to Purchaser as a convenience only, and Purchaser has not relied on such data, but Purchaser has been advised by and has relied solely on its own expertise and legal, tax, and other professional counsel concerning this transaction, the Interests, and the value thereof.

4.      Covenants.

a.      *Assumption of Liabilities*. Purchaser agrees to pay and discharge, when and as due, all of the liabilities, obligations, and responsibilities related to the Interests arising on and after the Effective Date.

b.      *Future Cooperation*. Seller and Purchaser mutually agree to reasonably cooperate at all times from and after the date hereof with respect to any of the matters described herein, and to execute any further deeds, bills of sale, assignments, releases, assumptions, notifications, or other documents as may be reasonably requested by the other party for the purpose of giving effect to, evidencing or giving notice of the transaction evidenced by this Agreement, in each case that are consistent with the terms and conditions set forth herein.

c.      *Demand on the Debtors*. To the extent necessary, to effectuate the terms of this Agreement, Seller agrees to make demand on the Debtors for the certificated or uncertificated stocks, as the case may be, for the Interests.

d.      *Sale Order*. Seller and Purchaser mutually agree that the terms and conditions contained in this Agreement shall not be effective unless and until the Bankruptcy Court enters the Sale Order.

5.      Miscellaneous. This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same Agreement, and any of the Parties to this Agreement may execute this Agreement by signing any of the counterparts. Any counterpart of this Agreement may be executed via facsimile transmission or via transmission by other reliable electronic means, including electronic mail. Any such counterparts so delivered shall have the same force and effect as an original. This Agreement (a) constitutes the entire agreement (written or oral) between the Parties hereto with respect to the subject matter hereof, (b) supersedes all prior agreements (written or oral) regarding such subject matter, and (c) shall be binding on the Parties and (i) in the case of Seller, Seller's heirs, beneficiaries, legal representatives, and assigns, and (ii) in the case of Purchaser, Purchaser's successors and assigns. All costs and expenses incurred in connection with this Agreement and the transactions contemplated hereby shall be paid by the Party incurring such costs and expenses.

6.      Governing Law; Venue. This Agreement has been prepared, is being executed and delivered, and is intended to be performed, in the State of Texas, and the substantive laws of Texas and the applicable federal laws of the United States of America shall govern the validity, construction, enforcement, and interpretation of this Agreement. The exclusive venue for any action brought with respect to this Agreement shall be in the Bankruptcy Court.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned have executed this PURCHASE AND ASSIGNMENT OF STOCK INTEREST IN NON-EXEMPT STOCK IN SPARTAN AUTOMOTIVE TECHNOLOGY GROUP CORPORATION to be effective as of the Effective Date.

SELLER:

_____

Scott M. Seidel, in his capacity as chapter 7 trustee for the estate of Peter Hoa Nguyen and Thi Hong Nguyen

PURCHASER:

_____

Mark Cooper, authorized agent for VBL Group, LLC